UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RODERICK D. MCGEE ) | |
| ) | |
| v. ) | Case No. 1:16-cv-353-TAV-CHS |
| ) | |
| CHA POLICE OFFICER CIDER, ) | |
| DETECTIVE EARLY, ) | |
| CHA POLICE DEPARTMENT, and ) | |
| CRIMINAL INVESTIGATIONS DIV. ) | |

REPORT AND RECOMMENDATION

Plaintiff Roderick D. McGee, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 2]. Because I conclude the complaint does not set forth a claim for which relief can be granted, I RECOMMEND this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs, including non-prisoners seeking *in forma pauperis* status, and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be

1

granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff has brought this action for compensatory damages against the defendants seeking damages for an alleged wrongful arrest in violation of the Fourth Amendment. He also seeks damages against defendants for their alleged failure to investigate his "forged divorce." [Doc. 1, Complaint at 3]. Plaintiff contends defendants' wrongful conduct caused him to be incarcerated from August 2011 to January 2012 and "consumed seven years" of his life. [Doc. 1, Complaint at 1]. In order to obtain compensatory damages for a constitutional violation by state actors such as defendants, a plaintiff must bring a claim under 42 U.S.C. § 1983, a federal civil rights statute. *Waeschle v. Dragovic*, 576 F.3d 539, 543 (6th Cir. 2009) ("Section 1983 serves as a vehicle to obtain damages caused by persons acting under color of state law whose conduct violates the U.S. Constitution or federal laws") (citing <u>McQueen v. Beecher Comty. Schs.,</u> 433 F.3d 460, 463 (6th Cir. 2006)). "In Tennessee, civil actions for compensatory damages or injunctive relief brought under the federal civil rights statutes must be commenced within one year of the accrual of the cause of action." *Irick v. Ray*, 628 F.3d 787, 789 (6th Cir. 2010) (citing Tenn. Code. Ann. § 28–3–104(a)(3); *Cox v. Shelby State Cmty. Coll.,* 48 Fed.Appx. 500, 506–07 (6th Cir.2002)), *accord Quinn v. Currie*, 2014 WL 289009 *5 (W.D. Tenn. Jan. 27, 2014). It is clear from the allegations in the complaint that plaintiff's claim against defendants accrued more

2

than one year before plaintiff filed this action on August 26, 2016. Consequently, plaintiff's claim is barred by the statute of limitations.

For the reasons stated herein, it is RECOMMENDED this action be DISMISSED[1] without prejudice and the *in forma pauperis* application be DENIED as moot.

**IT IS SO ORDERED.**

s\ *Christopher H. Steger*<br>
CHRISTOPHER H. STEGER<br>
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed=n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).